# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

### STATE OF TENNESSEE v. RONNIE LEE JOHNSON

**Appeal from the Criminal Court for Putnam County**
**No. 070589     David A. Patterson, Judge**

_____

**No. M2015-00974-CCA-R3-CD – Filed February 10, 2016**

_____

The Appellant, Ronnie Lee Johnson, is appealing the trial court's denial of his motion to correct an illegal sentence filed pursuant to Rule of Criminal Procedure Rule 36.1  The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20.  Said motion is hereby granted.

**Tenn. R. App. P. 3 Appeal as of Right; Order of the Trial Court Affirmed Pursuant to Court of Criminal Appeals Rule 20**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which ROBERT L. HOLLOWAY, JR. and TIMOTHY L. EASTER, JJ., joined.

Ronnie Lee Johnson, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel, for the Appellee, State of Tennessee.

### MEMORANDUM OPINION

The Appellant was convicted in 2008 of possession with intent to sell or deliver over 0.5 grams of cocaine, a Class B felony, and simple possession of dihydrocodeinone, a Class A misdemeanor.  *State v. Ronnie Lee Johnson*, No. M2008-02848-CCA-R3-CD, 2010 WL 565667 (Tenn. Crim. App., Feb. 18, 2010).  The Appellant was sentenced as a multiple offender to seventeen years for the felony conviction and eleven months, twenty-nine days for the misdemeanor conviction, to be served consecutively.  *Id.*  This Court affirmed his convictions and sentence on direct appeal.  *Id.*  The Appellant was

unsuccessful in his subsequent pursuit of post-conviction relief. *Ronnie Lee Johnson v. State*, No. M2011-00881-CCA-R3-PC, 2012 WL 5377807 (Tenn. Crim. App., Oct. 29, 2012). In 2015, the Appellant filed two separate motions pursuant to Rule 36.1 to correct an alleged illegal sentence. The trial court summarily denied the first motion on April 6, 2015, and denied the second motion on June 2, 2015. The Appellant filed a notice of appeal on April 27, 2015. The notice, which is not contained in the record, states that the Appellant is appealing the order entered on April 6, 2015. There is no notice of appeal from the order of June 2, 2015. Nevertheless, both motions filed by the Appellant challenged the legality of the above-referenced sentences and both of the trial court orders denying the motions are identical. Following the filing of the record on appeal and the Appellant's brief, the State filed a motion to affirm the ruling of the trial court pursuant to Rule 20. For the reasons stated below, said motion is hereby granted.

Initially, the Court notes that the record on file does not include copies of the judgments at issue. Despite the fact that the State mentioned the same in its motion to dismiss, the Appellant did not include copies in his reply to the State's motion nor has he requested supplementation of the record. Nevertheless, the Court possesses sufficient information to issue a ruling on the merits.

Rule 36.1 permits a defendant to seek correction of an illegal sentence at any time. "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our supreme court recently interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, -- S.W.3d --, 2015 WL 7748034 at *7 (Tenn. 2015). The court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void). *Id.* Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id.* In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The court held that only fatal errors render sentences illegal. *Id.*

The applicable sentencing range for a multiple offender convicted of a Class B felony is twelve to twenty years. Tenn. Code Ann. § 40-35-112(b)(2). The Appellant was sentenced within that range; thus, his sentence was specifically authorized by statute and not illegal. The same holds true for his misdemeanor sentence. *See* Tenn. Code Ann.

2

§ 40-35-111.  The Appellant's complaints regarding the application of enhancement factors and the timing of the sentencing hearing fall squarely in the category of appealable errors.  *See Wooden*, 2015 WL 7748034 at *8.  As such, the Appellant should have raised any complaints about the trial court's sentencing methodology in his direct appeal.  They are insufficient to state a colorable claim for relief under a Rule 36.1 motion.

Accordingly, the ruling of the trial court is hereby affirmed pursuant to Court of Criminal Appeals Rule 20.

_____
ROBERT W. WEDEMEYER, JUDGE